IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01035-ZLW

GENE ALLEN,

    Applicant,

v.

THE IMMIGRATION AND NATURALIZATION SERVICE,
D.D. Mr. RONALD H. RUSSELL, The Examinor [sic] ID (den Ex MO2), and
THE ATTORNEY GENERAL OF THE UNITED STATE [sic] OF AMERICA,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 25 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

On July 31, 2006, Applicant Gene Allen, a Nevada State prisoner, submitted to the Court a document titled "Amended." It appears that Applicant is attempting to challenge the Court's Order and Judgment of Dismissal entered July 14, 2006. The Court, therefore, will construe the document liberally as a Motion to Reconsider because Mr. Allen is a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion to Reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the final judgment in

an action should be considered pursuant to Rule 59(e) and a motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Id.*

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The Order and Judgment of Dismissal, filed on July 14, 2006, dismissed the Application. Although the instant Motion to Reconsider was filed with the Court on July 31, 2006, Applicant signed the Motion on July 25, 2006. He, therefore, has filed his Motion to Reconsider within ten days after the Court's Order and Judgment of Dismissal was entered. *See* Fed. R. Civ. P. 6(a). The Court will review the Motion to Reconsider pursuant to Rule 59(e).

Upon consideration of the entire file, the Court finds that Mr. Allen fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Court's reasoning for the dismissal is discussed in detail in the Order and Judgment of Dismissal filed on July 14, 2006. The claims in the Motion are unintelligible. Mr. Allen is required to present identifiable claims and allege specific facts to support the asserted claims. *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Motion, therefore, fails to meet the Rule 4 standard and will be denied. Accordingly, it is

ORDERED that Applicant's document titled "Amended," filed July 31, 2006, is construed as a Motion to Reconsider pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 24 day of Aug, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01035-BNB

Gene Allen
Prisoner No. 76542
Lovelock Corr. Center
PO Box 359
Lovelocc, NV 89419

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/25/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk